UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRINTERS ROW, LLC., | ) | The Honorable Eugene R. Wedoff |
| | ) | Case No. 08-17301 |
| Debtor. | ) | |

**FINAL ORDER, PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE: (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF UNPAID PREPETITION INVOICES; (B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT; (C) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE; AND (D) PERMITTING UTILITY COMPANIES TO OPT OUT OF THE PROCEDURES ESTABLISHED HEREIN**

This matter coming before the Court on the Motion of Debtor and Debtor in Possession, Pursuant to Section 366 of the Bankruptcy Code, for Interim and Final Orders: (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtor on Account of Unpaid Prepetition Invoices; (B) Determining that the Utilities are Adequately Assured of Future Payment; (C) Establishing Procedures for Determining Requests for Additional Assurance; and (D) Permitting Utility Companies to Opt Out of the Procedures Established Herein (the "Motion"),[1] filed by the debtor and debtor in possession in the above-captioned case (the "Debtor"); the Court having entered its Order granting the Motion on an interim basis on July 22, 2008 (Docket No. 49) (the "Prior Order"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearings

1

was sufficient under the circumstances, and (d) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein only as to the City of Chicago – The Department of Water Management (referred to herein as the "Utility Company"). Except as otherwise provided herein, the Prior Order is amended and superseded in its entirety by this Order.

2. Subject to the procedures described below and the terms of any adequate assurance agreements between the Debtor and the Utility Company, the Utility Company may not (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, the Debtor on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices, or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtor receiving such utility services.

3. The Utility Company shall be entitled to an Adequate Assurance Deposit in the amount set forth on Exhibit A to the Motion, provided that: (a) it requests such deposit in writing no later than 30 days after the Petition Date (the "Request Deadline"), (b) the Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance Deposit (which existing deposit shall be deemed to be the Adequate Assurance Deposit), and (c) the Utility Company is not currently paid in advance for its services.

---

(...continued)

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

4. The Utility Company's request for, and acceptance of, an Adequate Assurance Deposit shall be deemed an acknowledgement and admission from the Utility Company that the Adequate Assurance Deposit is the form of adequate assurance of payment that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Likewise, if the Utility Company does not request an Adequate Assurance Deposit by the Request Deadline and does not file a timely Procedures Objection to opt out of the Adequate Assurance Procedures pursuant to the Prior Order, the Utility Company shall be deemed and determined to have adequate assurance of payment that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Any Adequate Assurance Deposit requested by, and provided to, the Utility Company pursuant to the procedures described herein shall be returned to the Debtor at the conclusion of this chapter 11 case, if not returned or applied earlier.

5. The following Adequate Assurance Procedures are approved in all respects:

   (a) If the Utility Company desire assurance of future payment for utility service beyond the Proposed Adequate Assurance, it must serve an Additional Assurance Request so that it is received by the Debtor by the Request Deadline at the following address: Printers Row, LLC, c/o Dykema Gossett, PLLC, 10 S. Wacker Dr., Suite 2300, Chicago, IL 60606 (Attn: Richard M. Bendix, Esq.).

   (b) Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which utility services are provided and the relevant account number(s), (iii) describe any deposits, prepayments or other security currently held by the Utility Company, and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   (c) Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 14 days from the receipt of such Additional Assurance Request, or (ii) 30 days from the Petition Date (collectively, the "Resolution Period") to negotiate with the Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the Utility Company.

3

(d) The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court, and may, in connection with any such resolution, in the Debtor's discretion, provide the Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

(e) If the Debtor determines that an Additional Assurance Request is not reasonable, and is not able to resolve such request during the Resolution Period, the Debtor, during or promptly after the Resolution Period, will request a Determination Hearing, pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company shall be restrained from discontinuing, altering or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g) Other than through the Opt-Out Procedures, if the Utility Company does not comply with the Adequate Assurance Procedures, it shall be deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

6. The Opt-Out Procedures described in the Prior Order are approved in all respects. If the Utility Company did not timely file a Procedures Objection, it is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

7. A Utility Company shall be deemed and determined to have adequate assurance of payment under section 366 of the Bankruptcy Code under this Order without any further action unless and until: (a) the Debtor, in its discretion, agrees to (i) an Adequate Assurance Request, or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period, or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

4

8. The Debtor is authorized, in its sole discretion, to amend the Utility Service List to add or delete any Utility Company, and this Order shall apply to any such Utility Company that is subsequently added to the Utility Service List. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

9. The Debtor shall serve a copy of this Order on each Utility Company listed on the Utility Service List within two business days of the date this Order is entered, and shall also serve this Order on each Utility Company subsequently added by the Debtor to the Utility Service List.

10. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 19, 2008
Chicago, Illinois

UNITED STATES BANKRUPTCY JUDGE

5