**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRINTERS ROW, LLC., | ) | The Honorable Eugene R. Wedoff |
| | ) | Case No. 08-17301 |
| Debtor. | ) | |

**AGREED FINAL ORDER, PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE: (A) PROHIBITING THE PEOPLES GAS LIGHT AND COKE COMPANY FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF UNPAID PREPETITION INVOICES; AND (B) DETERMINING THAT THE PEOPLES GAS LIGHT AND COKE COMPANY IS ADEQUATELY <u>ASSURED OF FUTURE PAYMENT</u>**

This matter coming before the Court on the Motion of Debtor and Debtor in Possession, Pursuant to Section 366 of the Bankruptcy Code, for Interim and Final Orders: (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtors on Account of Unpaid Prepetition Invoices; (B) Determining that the Utilities are Adequately Assured of Future Payment; (C) Establishing Procedures for Determining Requests for Additional Assurance; and (D) Permitting Utility Companies to Opt Out of the Procedures Established Herein (the "<u>Motion</u>"), filed by the debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>"); the Court having set a final hearing (the "<u>Final Hearing</u>") on the Motion for August 19, 2008 at 10:00 a.m.; the Debtor and The Peoples Gas Light and Coke Company ("<u>Peoples</u>") having reached an agreement on the Motion; the Court having reviewed the Motion and having considered the statements of counsel and the parties having reached agreement; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion and the Hearing was sufficient under the circumstances:

1

IT IS HEREBY ORDERED THAT:

1. Peoples has demanded a post-petition deposit of $9,948.00 (the "Adequate Assurance Deposit") as adequate assurance of payment and has agreed to accept the deposit in three (3) equal monthly installments of $3,316.00, which shall be paid by the Debtor in conjunction with the next three (3) monthly bills issued by Peoples to the Debtor.

2. Unless and until the Debtor fails to deliver the Adequate Assurance Deposit in accordance with Paragraph 1, above, Peoples is hereby: (a) deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code; and (b) forbidden from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Adequate Assurance Deposits).

3. The gas service provided to the Debtor may be terminated without further order of court, provided that: (a) Debtor has defaulted on its obligation to make timely payment in full under the terms of this Order and in accordance with Peoples' Tariff and the Rules and Regulations of the Illinois Commerce Commission; (b) Peoples has given written notice, in the form of a final notice prior to disconnection, to the Debtor and the Debtor's counsel, such notice to be mailed at least eight (8) business days prior to the scheduled termination date; and (c) Debtor has failed to cure such default prior to the scheduled termination date shown on said final notice.

4. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

5.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _August 19_, 2008
Chicago, Illinois

_____
UNITED STATES BANKRUPTCY JUDGE