**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| PRINTERS ROW, LLC., | ) The Honorable Eugene R. Wedoff |
| | ) Case No. 08-17301 |
| Debtor. | ) |
| | ) Hearing Date: March 24, 2009 at 9:30 a.m. |
| | ) Objection Deadline: March 20, 2009 |

**NOTICE OF HEARING ON FINAL FEE APPLICATION FOR
(A) ALLOWANCE OF COMPENSATION, (B) ALLOWANCE OF
REIMBURSEMENT OF EXPENSES, AND (C) PAYMENT OF FEES
AND EXPENSES REQUESTED FROM JULY 3, 2008
THROUGH MARCH 24, 2009**

  **PLEASE TAKE NOTICE** that on **March 24, 2009, at 9:30 a.m.**, we shall appear before the Honorable Eugene R. Wedoff, Room 744, United States Bankruptcy Court, 219 South Dearborn, Chicago, Illinois 60604, and shall then and there present the **Final Fee Application for (A) Allowance of Compensation, (B) Allowance of Reimbursement of Expenses, and (C) Payment of Fees and Expenses Requested from July 3, 2008 through March 24, 2009**, (the "Final Fee Application") at which time and place you may appear as you see fit.

  **PLEASE TAKE FURTHER NOTICE** that Dykema Gossett PLLC ("Dykema") seeks to have $211,028.60 in fees and $1,440.41 in expenses allowed on a final basis in the Final Fee Application.

  **PLEASE TAKE FURTHER NOTICE** that any party wishing to object to the First Interim Fee Application shall, on or before **March 20, 2009**, (i) file such objection with the Clerk of the United States Bankruptcy Court, at 219 South Dearborn, Chicago, Illinois 60604, and (ii) deliver such objection to the undersigned at Dykema Gossett PLLC. **If you do not object to the relief requested, an Order will be presented to the Court and the relief requested may be granted.**

Dated:  February 25, 2009 Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ Morgan M. Smith
RICHARD M. BENDIX, JR. (#0168130)
MORGAN M. SMITH (#6287435)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone:  (312) 876-1700
Facsimile:  (312) 876-1155
rbendix@dykema.com
mmsmith@dykema.com
*Former Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRINTERS ROW, LLC., | ) | The Honorable Eugene R. Wedoff |
| | ) | Case No. 08-17301 |
| Debtor. | ) | |
| | ) | Hearing Date: March 24, 2009 at 9:30 a.m. |
| | ) | Objection Deadline: March 20, 2009 |

**FINAL FEE APPLICATION FOR (A) ALLOWANCE OF COMPENSATION,
(B) ALLOWANCE OF REIMBURSEMENT OF EXPENSES, AND
(C) PAYMENT OF FEES AND EXPENSES REQUESTED FROM
JULY 3, 2008 THROUGH MARCH 24, 2009**

Dykema Gossett PLLC ("Dykema"), former counsel to Printers Row, LLC (referred to herein as "Printers Row" or the "the Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Case"), pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code"), by this final fee application (the "Final Fee Application"), hereby requests that this Court enter an order (a) allowing and approving $20,723.00 in final compensation for Dykema's legal services from November 1, 2008 through March 24, 2009 (the "Current Application Period"), (b) allowing and approving $71.20 as reimbursement for costs and expenses incurred by Dykema in connection with the Case during the Current Application Period, (c) granting final approval to $211,028.60 in compensation for Schwartz Cooper Chartered ("Schwartz Cooper") and Dykema's legal services provided during the Case from July 3, 2008 through March 24, 2009 (the "Final Application Period"), which amount includes $190,305.60 in fees allowed to Schwartz Cooper and Dykema on an interim basis pursuant to the Interim Order (as such term is defined in paragraph 7, below), (d) granting final approval to $1,440.41 as reimbursement for costs and expenses incurred by Schwartz Cooper and Dykema during the Final Application Period, which amount includes $1,369.21 in costs and expenses

allowed to Schwartz Cooper and Dykema on an interim basis pursuant to the Interim Order. In support of this Final Fee Application, Dykema states as follows:

## I. BACKGROUND

1. On July 3, 2008 (the "Petition Date"), Printers Row, an Illinois limited liability company, filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Printers Row operates Hotel Blake (the "Hotel"), which is a full-service luxury boutique hotel with 162 guest rooms and suites located at 500 South Dearborn Street, Chicago, Illinois, 60605.

2. On July 13, 2008, Schwartz Cooper ceased active operations and, as of July 14, 2008, most of its attorneys, including all attorneys working on the Case, joined Dykema.

3. On July 23, 2008, the Court entered an order (the "Employment Order", Docket No. 53), effective as of the Petition Date, authorizing the Debtor to employ and retain (i) Schwartz Cooper from the Petition Date through July 13, 2008 and (ii) Dykema, thereafter, as legal counsel to the Debtor in connection with the Case.

4. The Employment Order authorized Schwartz Cooper and Dykema to perform legal services that were necessary to assist the Debtor in connection with the Debtor's reorganization efforts. Specifically, Schwartz Cooper and Dykema were authorized to perform the following services for the Debtor:

    a.    advise the Debtor with respect to its powers and duties as debtor and debtor-in-possession as it manages its property and operates its business and properties;

    b.    attend meetings and negotiate with representatives of creditors of the Debtor and other parties in interest, and advise and consult with the Debtor on the conduct of the Case, including with respect to the legal and administrative requirements of operating a business in chapter 11;

    c.    advise the Debtor in connection with any contemplated business combination or sales of assets, including negotiating any sale, merger or joint venture agreements, formulating and implementing any bidding procedures, evaluating competing offers, drafting appropriate corporate

      documents with respect to any such proposed sales, and assisting with the closing of any such sales;

d.   advise the Debtor in connection with (i) post-petition financing, (ii) cash collateral arrangements, (iii) pre-petition financing issues, and (iv) financing and capital restructuring under any plan of reorganization, including the negotiation and drafting of documents relating to each of the foregoing;

e.   advise the Debtor on matters relating to the assumption or rejection or assignment of unexpired leases and executory contracts;

f.   advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business, including, without limitation, employees, workers' compensation, employee benefits, labor, tax, environmental, banking, insurance, securities, corporate, business operations, contracts, joint ventures, real property, press/public affairs, regulatory matters, and continuing reporting and disclosure obligations, if any, under securities laws;

g.   take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against it, and the prosecution of objections to claims filed against it, and participation in negotiations concerning the foregoing;

h.   prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estate;

i.   negotiate and prepare on the Debtor's behalf any plan(s) of reorganization, disclosure statement(s) and related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation and effectuation of such plan(s);

j.   participate in meetings of the Debtor's board of directors, senior management, the Debtor's financial and turnaround advisors, and meet with and negotiate with parties other than the Debtor in connection with the above-referenced matters;

k.   appear before this Court and other courts to protect the interests of the Debtor's estate; and

l.   perform all other necessary and legal services for the Debtor in connection with the Case.

5.   On November 24, 2008, Dykema filed the First Interim Fee Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for (I)

Schwartz Cooper Chartered, Counsel to the Debtor, for the Period from July 3, 2008 through July 13, 2008, and (II) Dykema Gossett PLLC, Counsel to the Debtor, from July 14, 2008 through October 31, 2008 and for Authorization of Post-Petition Retainer (Docket No. 150) (the "Interim Fee Application").

6. On December 2, 2008, the Court entered the Order Granting Motion to Withdraw as Counsel to the Debtor (Docket No. 161), pursuant to which Dykema withdrew as counsel to the Debtor.

7. On December 30, 2008, the Court entered an order (Docket No. 174) (the "Interim Order") granting the Interim Fee Application, allowing and approving (i) $30,412.50 in interim compensation for Schwartz Cooper's legal services and $549.19 as reimbursement for costs and expenses incurred by Schwartz Cooper in connection with the Case from July 3, 2008 through July 13, 2008, and (ii) $159,893.10 in interim compensation for Dykema's legal services and $820.02 as reimbursement for costs and expenses incurred by Dykema in connection with the Case from July 14, 2008 through October 31, 2008.

8. As of the date hereof, Schwartz Cooper and Dykema have applied the $50,000.00 retainer (the "Retainer") they received in the Case to the amount due from the Debtor pursuant to paragraph 5 of the Interim Order; however, the Debtor has not paid any other amounts pursuant to the Interim Order. As a result, $141,674.81 of the amount awarded pursuant to the Interim Order remains due and owing to Schwartz Cooper and Dykema.

9. Dykema now seeks final approval of all fees and expenses (a) incurred during the Current Application Period, for which it has not previously obtained interim approval, and (b) allowed on an interim basis pursuant to the Interim Order.

4

## II. APPLICATION PERIOD SUMMARY

10. As the Debtor's counsel, Dykema performed a variety of legal services during the Current Application Period, which have been subdivided into the following project summaries/categories:

| Description | Hours | Value |
|---|---|---|
| A. Asset Analysis and Recovery | 7.60 | $2,262.00 |
| B. Case Administration | 0.90 | $271.00 |
| C. Claims Administration & Objections | 1.20 | $312.00 |
| D. Court Appearances | 2.70 | $1,076.00 |
| E. Financing | 0.20 | $52.00 |
| F. Litigation | 0.20 | $24.00 |
| G. Retention/Fee Matters | 58.90[1] | $16,726.00 |
| **TOTAL** | **71.70** | **$20,723.00** |

11. The following Dykema attorneys and paralegals rendered services to the Debtor during the Current Application Period:

| Attorney/Paralegal Name | Adm. Date | Hours | Rate | Total |
|---|---|---|---|---|
| Richard M. Bendix | 1975 | 9.00 | $480.00 | $4,320.00 |
| Morgan M. Smith | 2005 | 59.30[2] | $260.00 | $15,418.00 |
| Edward S. Weil | 1986 | 1.40 | $445.00 | $623.00 |

---

[1] Dykema has added an additional 10 hours to this billing category, at $260.00 per hour, the rate of attorney Morgan M. Smith, who has the lowest rate of any attorney working on this matter, in anticipation of additional time Dykema will be required to spend to collect its fees and expenses from the Debtor.

[2] As set forth in paragraph 10 and footnote 1, above, ten additional hours have been added to attorney Morgan M. Smith's time, in anticipation of additional time, subsequent to the date of this Final Fee Application, which Dykema will be required to spend to collect its fees and expenses from the Debtor .

5

| **Paralegals** | | | | |
|---|---|---|---|---|
| Karyn L. Decuir | N/A | 1.60 | $200.00 | $320.00 |
| Dominic A. Medina | N/A | 0.20 | $90.00 | $18.00 |
| Terrance Tidball | N/A | 0.20 | $120.00 | $24.00 |
| **TOTALS** | N/A | **71.70** | N/A | **$20,723.00** |

The above-referenced hourly rates for legal services are identical to the rates generally charged by Dykema to its non-bankruptcy clients.

12. In addition to rendering $20,723.00 in legal services, Dykema incurred $71.20 in actual out-of-pocket costs and expenses. Dykema attempted to minimize the charges and disbursements associated with the Case. A summary of the expenses is attached hereto as Exhibit A. These expenses are divided by categories as follows:

| **Expense Category** | **Amount** |
|---|---|
| Printing/ Photocopying (10 cents per page)[3] | $68.80 |
| Telephone | $2.40 |
| | |
| **Total** | **$71.20** |

### III. NARRATIVE PROJECT/CATEGORY SUMMARIES

13. The time expended by Dykema in each of the above described billing categories is summarized as follows:

**A.  ASSET ANALYSIS AND RECOVERY**

14. Dykema spent 7.60 hours with a time value of $2,262.00 in connection with the analysis and recovery of the Debtor's assets. Such work included analysis of the Debtor's rights in certain escrow funds held by Chicago Title Company for the benefit of purchasers of

---

[3] Dykema's invoices reflect a rate of $.15 to $.20 per copy; however, Dykema only requests reimbursement at a rate of $.10 per copy.

6

condominium units in the Hotel, and research regarding the Debtor's rights in certain deposits it allegedly holds from Expedia, and Expedia's asserted right to recoup such deposits.

15. A detailed itemization of the professional time expended in this billing category is attached hereto as <u>Exhibit B</u>.

**B.    CASE ADMINISTRATION**

16. Dykema spent 0.9 hours with a time value of $271.00 in connection with the administration of the Case. Such work consisted of internal discussion of the status and deadlines in the case, as well as a conversation with counsel for the Debtor's owner regarding division of responsibility between Dykema and counsel for the Debtor's owner in carrying out responsibilities associated with the Case.

17. A detailed itemization of the professional time expended in this billing category is attached hereto as <u>Exhibit C</u>.

**C.    CLAIMS ADMINISTRATION AND OBJECTIONS**

18. Dykema spent 1.20 hours with a time value of $312.00 on services related to claims against the Debtor. Such work consisted of the preparation and filing of the certificate of publication of the Debtor's bar date notice, a teleconference with a prepetition creditor of the Debtor regarding its claim, and a teleconference with counsel for the Debtor's owner regarding the retention of the Debtor's claims and noticing agent.

19. A detailed itemization of the professional time expended in this billing category is attached hereto as <u>Exhibit D</u>.

**D.    COURT APPEARANCES**

20. Dykema spent 2.70 hours with a time value of $1,076.00 in making court appearances on behalf of the Debtor.

21. A detailed itemization of the professional time expended in this billing category is attached hereto as Exhibit E.

**E.   FINANCING**

22. Dykema spent 0.20 hours with a time value of $52.00 in connection with the Debtor's post-petition financing. Such work consisted of sending an email to counsel for the Debtor's owner containing an executed escrow agreement associated with the post-petition financing.

23. A detailed itemization of the professional time expended in this billing category is attached hereto as Exhibit F.

**F.   LITIGATION**

24. Dykema spent 0.20 hours with a time value of $24.00 in connection with litigation related to the Debtor's effort to obtain possession and control of the Hotel from the Debtor's former owners. Such work consisted of maintenance of court records associated with such litigation.

25. A detailed itemization of the professional time expended in this billing category is attached hereto as Exhibit G.

**G.   RETENTION/FEE MATTERS**

26. Dykema spent 58.90 hours with a time value of $14,126.00 in connection with fee and retention-related matters. Such work included preparation of the Interim Fee Application, preparation of the motion to withdraw as counsel to the Debtor, preparation of this Final Fee Application, extensive time devoted to responding to the Debtor's ownership's continued refusal to pay Dykema the fees and expenses which Dykema incurred in connection with the case, and an additional ten hours added in anticipation of future time that will be spent as a result of the Debtor's ownerships refusal to pay Dykema's fees and expenses.

8

27. A detailed itemization of the professional time expended in this billing category is attached hereto as Exhibit H.

### IV. CURRENT APPLICATION PERIOD FINAL APPROVAL

28. Section 330 of the Bankruptcy Code governs compensation of professionals in a bankruptcy case and provides that, when determining the amount of reasonable compensation to award to a professional, the Court should consider the nature, extent and value of the services to the bankrupt estate and all other relevant factors. 11 U.S.C. § 330(a)(3).

29. In addition, Bankruptcy Rule 2016 provides that "an entity seeking interim or final compensation for services or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

30. Bankruptcy courts in this district have stated that "[i]n reviewing fee applications, the bankruptcy court must address three issues: were the services that are the subject of the application properly compensable; if so, were they actual and necessary; if so, how will they be valued?" *In re Lifschultz Fast Freight*, 140 B.R. 482, 485 (Bankr. N.D. Ill. 1992) citing *In re Wildman*, 72 Bankr. 700, 704 (Bankr. N.D. Ill. 1987).

31. In addition, with respect to expenses, bankruptcy courts in this district have required that an "[a]pplication should contain a detailed list of expenses including the date, the type and the amount." *In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989). In determining whether an expense is necessary, the *Convent Guardian* court stated that "an expense is necessary if it was incurred because it was reasonably needed to accomplish the proper representation of the client." *Id.* Moreover, time spent by Dykema preparing for an anticipated objection by the Debtor to the Interim Fee Application and in attempting to negotiate a payment of its fees and expenses from the Debtor was "necessary" as contemplated by section

9

330.  *See In re Moss*, 320 B.R. 143, 159 (Bankr. E.D. Mich. 2005) ("[n]ormally, time reasonably spent preparing and defending a fee application may be compensable under § 330"); *In re Nunley*, 92 B.R. 152 (W.D. Va. 1988) (awarding fees to counsel for time spent in successfully defending on appeal the fees he was previously awarded for representing chapter 11 debtor).

32.   The Final Fee Application meets the foregoing requirements. First, Dykema's services are properly compensable. The Court entered the Employment Order which authorized the retention of Dykema as counsel for the Debtor. Further, the Final Fee Application is being properly filed pursuant to section 330 of the Bankruptcy Code. Therefore, Dykema's services are properly compensable. *See Lifschultz*, 140 B.R. at 485 (court found that where law firm was properly retained and law firm filed appropriate fee application, law firm's services were "properly compensable").

33.   Second, compensation is proper for services that are actual and necessary. The *Lifschultz* court found that "[s]ervices necessary under section 330 are those services that aid the professional's client in fulfilling its duties under the Code…[n]ecessary services have always included services that aid in the administration of the case and help the client fulfill duties under bankruptcy law, whether or not those services result in a monetary benefit to the estate." *Id*. Further, the time spent by Dykema in preparing and defending the Initial Fee Application and this Final Fee Application is properly awardable. *See Moss*, 320 B.R. at 159; *Nunley*, 92 B.R. 152. The services provided by Dykema during the Final Application Period were actual and necessary.

34.   Third, "[o]nce the court has determined that the services for which compensation is sought were properly compensable and actual and necessary, it must determine the value of those services." *Lifschultz*, 140 B.R. at 488. That is, "the court must evaluate what the 'actual,

10

necessary services' were worth to the client, based upon the five criteria listed in section 330(a)(1)." *Id*. at 488. In accordance with the factors enumerated in section 330, the amount requested by Dykema for the Final Application Period is fair and reasonable, and fairly represents the value the Debtor received from Dykema's services, given: (i) the nature of the Case, (ii) the novelty and complexity of the Case, (iii) the time and labor required to represent the Debtor effectively, (iv) the time limitations imposed by the Case, (v) the nature and extent of the services rendered, (vi) Dykema's experience, reputation and ability, (vii) the value of Dykema's services, and (viii) the cost of comparable services other than in a case under title 11 of the United States Code.

35. The services rendered and described above were necessary within the meaning of section 330 of the Bankruptcy Code. In addition to Dykema's necessary guidance of the Debtor through the chapter 11 process during the Current Application Period, Dykema performed the services made necessary by the Debtor's decision to seek different legal counsel and the Debtor's subsequent reluctance to pay Schwartz Cooper and Dykema's legal fees and expenses.

## V. **FINAL APPROVAL OF ALL FEES AND EXPENSES**

36. In addition to final approval of fees and expenses incurred during the Current Application Period, Dykema requests that the Court grant final approval to the fees and expenses allowed on an interim basis pursuant to the Interim Order.

37. As more fully set forth in section IV, above, and in the Interim Application, and in accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested during the Final Application Period is fair and reasonable, given: (i) the nature of the Case, (ii) the novelty and complexity of the Case, (iii) the time and labor required to represent the Debtor effectively, (iv) the time limitations imposed by the Case, (v) the nature and extent of the services rendered, (vi) Dykema's experience, reputation and ability, (vii)

the value of Dykema's services, and (viii) the cost of comparable services other than in a case under title 11 of the United States Code.

## VI.  CONCLUSION

38. As such, Dykema requests that this Court enter an order (a) allowing and granting final approval to $211,028.60 in compensation for Schwartz Cooper and Dykema's legal services provided during the Final Application Period, which amount includes $190,305.60 in fees allowed to Schwartz Cooper and Dykema on an interim basis pursuant to the Interim Order, plus $20,723.00 in fees incurred by Dykema during the Current Application Period and requested herein, and (b) allowing and granting final approval to $1,440.41 as reimbursement for costs and expenses incurred by Schwartz Cooper and Dykema in connection with this Case during the Final Application Period, which amount includes $1,369.21 in costs and expenses allowed to Schwartz Cooper and Dykema on an interim basis pursuant to the Interim Order, plus $71.20 in costs and expenses incurred by Dykema during the Current Application Period and requested herein. Schwartz Cooper and Dykema reserve the right to request interest on the foregoing amounts.

WHEREFORE, Dykema respectfully requests that the Court enter an order:

(a) allowing and approving

   (i) $30,412.50 in final compensation for Schwartz Cooper's legal services during the Final Application Period;

   (ii) $549.19 as reimbursement for costs and expenses incurred by Schwartz Cooper during the Final Application Period;

   (iii) $180,616.10 in final compensation for Dykema's legal services during the Final Application Period; and

   (iv) $891.22 as reimbursement for costs and expenses incurred by Dykema during the Final Application Period,

12

  (b) directing the Debtor to pay Dykema $162,469.01 in fees and expenses, which represents the total amount requested pursuant to the Interim Fee Application and this Final Application, less the Retainer, and

  (c) granting such other and further relief as the Court deems just and proper.

Dated: February 25, 2009       Respectfully submitted,

                **DYKEMA GOSSETT PLLC**

                By: /s/ Morgan M. Smith
                RICHARD M. BENDIX, JR. (#0168130)
                MORGAN M. SMITH (#6287435)
                DYKEMA GOSSETT PLLC
                10 S. Wacker Dr., Suite 2300
                Chicago, Illinois 60606
                Telephone: (312) 876-1700
                Facsimile: (312) 876-1155
                rbendix@dykema.com
                mmsmith@dykema.com
                *Former Counsel to the Debtor*