UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRINTERS ROW, LLC, | ) | Honorable Eugene R. Wedoff |
| | ) | Case No.: 08-17301 |
| Debtor. | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on August 11, 2010 at 9:30 a.m., we shall appear before the Honorable Eugene R. Wedoff, in Courtroom 744, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other judge who may be sitting in his place and then and there shall present the attached *Motion for Entry of a Final Decree Closing Case and for Entry of Related Relief*, a copy of which is attached hereto and hereby served upon you.

Dated: July 27, 2010

Respectfully submitted,

ICE MILLER, LLP


By: /s/ Michelle J. Fisk
Ben T. Caughey
Michelle J. Fisk
One American Square, Suite 2900
Indianapolis, Indiana 46282
Telephone: (317) 236-2100
Facsimile: (317) 592-5431
Ben.caughey@icemiller.com
Michelle.fisk@icemiller.com


John D. Burke
200 W. Madison Street, Suite 3500
Chicago, Illinois 60606-3417
Telephone: (312) 726-8148
Facsimile: (312) 726-6266
John.burke@icemiller.com

Attorneys for the Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRINTERS ROW, LLC, | ) | Honorable Eugene R. Wedoff |
| | ) | Case No.: 08-17301 |
| Debtor. | ) | |

## MOTION FOR ENTRY OF A FINAL DECREE CLOSING CASE AND FOR ENTRY OF RELATED RELIEF

The above captioned Debtor and Debtor-in-Possession (the "Debtor"), for its *Motion for Entry of a Final Decree Closing Case and for Entry of Related Relief* ("Motion"), respectfully states the following:

### Jurisdiction

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 350, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3022, 9007, and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 1017-3 and 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

### Background and Procedural History

4. On July 3, 2008 (the "Petition Date"), the Debtor filed a voluntary Petition under Chapter 11 of the Bankruptcy Code.

5. On May 12, 2010, this Court entered an *Order Confirming Debtor's First Amended Plan of Reorganization as Immaterially Modified* (the "Confirmation Order") [Docket No. 431], pursuant to which the Debtor's *First Amended Plan of Reorganization*, as amended and/or immaterially modified (the "Plan") was confirmed[1].

6. Since the date the Plan was confirmed, the Debtor has worked diligently to implement the Plan.

7. On July 15, 2010, the Plan became effective and the Debtor began making payments as required under the terms of the Plan on this date[2].

8. As of the date of this Motion, the Court has expunged or the Debtor has allowed all secured, priority and unsecured claims that were filed against it. The Debtor has begun and will continue to make distributions on account of all such allowed secured, priority and unsecured claims as set forth and required under the Plan.

9. As of the date of this Motion, the Debtor has twenty pending adversary proceedings which seek to avoid preferential and/or fraudulent transfers against recipients of alleged avoidable transfers.[3]

**Relief Requested and Basis for Relief**

10. Through this Motion, the Debtor requests that the Court (i) issue a final decree closing the Debtor's estate as provided for in Bankruptcy Rule 3022, (ii) retain jurisdiction over the adversary proceedings, and (iii) approve procedures which authorize the Debtor to compromise and settle certain avoidance actions.

---

[1] The Debtor filed a *Motion to Approve Immaterial Modification of Chapter 11 Plan* ("Modification Motion") [Docket No. 464] on July 7, 2010. The Debtor filed a *Withdrawal* of the Modification Motion [Docket No. 472] on July 26, 2010.

[2] The *Notice of Occurrence of Effective Date* is being served contemporaneously with this Motion.

[3] In addition, the Debtor has entered into tolling agreements with certain third parties and has also reached settlements with certain third parties.

**A.     Final Decree Closing the Debtor's Estate.**

11.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Rule 3022 of the Bankruptcy Rules, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Bankruptcy Rule 3022.

12.     The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been fully administered: (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been finally resolved.

13.     These six factors set forth above are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See, In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).  In particular, courts have held that open related adversary proceedings should not be enough to prevent closure of a bankruptcy case.  *See e.g., In re JMP-Newcor International, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (where the only maters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y 2007) (if

an estate is otherwise fully administered, one adversary proceeding should not delay closing case).  Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case.  *See, e.g., JMP-Newcor International*, 225 B.R. at 465.

14. Here, the Debtor's case has been fully administered within the meaning of section 350 of the Bankruptcy Code.  Thus, it is appropriate for the Court to enter a final decree closing the Chapter 11 case.

15. The Confirmation Order became final and non-appealable on or about May 26, 2010.  Furthermore, the Plan has been substantially consummated since:

- the Reorganized Debtor received the property to which it was entitled to under the Plan;

- the Reorganized Debtor assumed the business and management of that property;

- the Court has expunged, or the Debtor has allowed, all secured, priority, and unsecured claims filed against it;

- the Debtor has commenced all the adversary proceedings it intends on commencing (with the exception of a few potential actions that are subject to tolling agreements); and

- the Debtor has commenced distributions under the Plan.

As such, the Court should close the Debtor's Chapter 11 case.

16. If this Court leaves the Debtor's case open, the Debtor will incur substantial quarterly United States Trustee fees pursuant to 28 U.S.C. § 1930.  These quarterly fees are an inefficient use of estate resources.  Accordingly, there is ample justification for entry of a final decree closing the Debtor's case at this time.

B.  **Retention of Jurisdiction over Adversary Proceedings.**

17.  Local Rule 1017-3 states that "[w]henever a case under the Bankruptcy Code is dismissed, any adversary proceeding arising under, arising in, or related to the case then pending will be dismissed without prejudice unless otherwise ordered by the court either in the dismissal order or by separate order."

18.  The adversary proceedings should remain open until a judgment, settlement or dismissal has been entered in those cases.  Therefore, the Debtor requests that this Court retain jurisdiction over all pending adversary proceedings and any later adversary proceedings filed by the Debtor to recover alleged avoidable transfers.

C.  **Settlement Procedures for Avoidance Actions.**

19.  The Bankruptcy Code authorizes the Debtor to enter into settlements[4]. Bankruptcy Rule 9019(b) empowers the Court to approve procedures for the settlement of classes of controversy by a debtor in possession by providing that: "[a]fter a hearing … the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice."  Fed. R. Bankr. P. 9019(b).  The rule requires that the proposed procedures be reasonable.  *In re Check Reporting Serv., Inc.,* 137 B.R. 653 (Bankr. W.D. Mich. 1992).

---

[4] Courts have looked favorably on settlements in finding that compromises are tools for expediting the administration of the case and reducing administrative costs. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *Fishell v. Soltow (In re Fishell)*, No. 92-1109, 1995 WL 66622, at *2 (6th Cir. 1995). A settlement need not be the best that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." *In re Energy Cooperative, Inc.,* 886 F.2d 921, 924-925 (7th Cir. 1989). Moreover, it is not necessary for the court to conduct a "mini-trial" of the facts or the merits underlying the dispute. *See In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 390, 396 (Bankr. E.D. Pa. 1987). Rather, the court need only consider those facts that are necessary to enable it to evaluate the settlement and to make an informed and independent judgment about the settlement. *Energy Cooperative,* 886 F.2d at 924-925 (7th Cir. 1989).

20. On July 1, 2010, the Debtor filed twenty adversary proceedings seeking to recover alleged avoidable transfers against recipients of such transfers. Only three of the adversary proceedings seek to recover amounts greater than $150,000.00. Seventeen of the adversary proceedings seek to recover amounts less than $150,000.00.

21. The Debtor proposes that, in the interest of conserving resources and maximizing the net recoveries from the settlement process, the Debtor be authorized to settle any avoidance actions[5] without further approval from the Court so long as the amounts sought from the recipient of an alleged avoidable transfer is $150,000.00 or less.

22. To seek Court approval to resolve all adversary proceedings would be unduly burdensome on the Court and an unnecessary drain on the time and resources of the estate. Ultimately, the expense of seeking court approval for every settlement of an adversary proceeding would significantly reduce the benefits of many of these settlements.

23. The Debtor will file a motion to approve a settlement of any adversary proceeding that is greater than $150,000.00 pursuant to Bankruptcy Rule 9019.

## Notice

24. Notice of this Motion has been given pursuant to Local Bankruptcy Rule 3022-1 to the United States Trustee and all creditors.

## No Prior Relief

25. No previous request for the relief sough herein has been made to this or any other Court.

---

[5] This would include third parties in which the Debtor has already entered into settlement agreements and third parties in which the Debtor has entered into tolling agreements.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (i) approving a final decree in the Debtor's bankruptcy case, (ii) retaining jurisdiction over the adversary proceedings, (iii) approving procedures which authorize the Debtor to compromise and settle certain avoidance actions.

Dated: July 27, 2010

        Respectfully submitted,

        ICE MILLER, LLP


        By: /s/ Michelle J. Fisk
            Ben T. Caughey
            Michelle J. Fisk
            One American Square, Suite 2900
            Indianapolis, Indiana 46282
            Telephone: (317) 236-2100
            Facsimile: (317) 592-5431
            Ben.caughey@icemiller.com
            Michelle.fisk@icemiller.com

            John D. Burke
            200 W. Madison Street, Suite 3500
            Chicago, Illinois 60606-3417
            Telephone: (312) 726-8148
            Facsimile: (312) 726-6266
            John.burke@icemiller.com
            Attorneys for the Debtor and Debtor-in-Possession